THOMAS BREWER, *Plaintiff in Error*, v. MEDFORD R. KEL-
LUM, BY A. E. HEYSER, HIS ATTORNEY, BY LEAVE AND IN
THE NAME OF PARK TRAMMELL, THE ATTORNEY GENERAL
OF THE STATE OF FLORIDA, AS RELATOR, *Defendant in
Error.*

Assuming, since it was so treated by the parties and the court
below, that the position of chairman of a Board of County
Commissioners is an office the title to which can be inquired
into and determined by *quo warranto* proceedings, under Sec-
tion 769 of the General Statutes of 1906, a Board of County
Commissioners may elect a chairman at *any regular* meeting.
However questionable as a matter of policy such course might
be, the members of such a board would seem to have the legal
right to elect a chairman to preside over their meeting as
often as they saw fit so to do, provided such election is held
at a legal meeting.

This case was decided by Division A.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the
court.

*F. H. Rand, Jr.,* for Plaintiff in Error;

*A. E. Heyser,* for Defendant in Error.

SHACKLEFORD, J.—Having first sought and obtained
leave so to do, Medford R. Kellum, by A. E. Heyser, his
attorney, filed an information in the nature of a *quo
warranto,* in the name of the State of Florida upon the re-
lation of the Attorney General, against Thomas Brewer,
the object thereof being "to determine the proper person
to exercise the duties and functions of Chairman of the
Board of County Commissioners of Dade County, Flor-

ida." It is unnecessary for us to set forth the pleadings and proceedings in detail. It is sufficient to state that it is alleged in the information that Medford R. Kellum had been duly elected Chairman of such Board of County Commissioners at a regular meeting thereof on the 5th day of January, 1909, and had continued to act as such Chairman until the early part of July, 1909, since which time Thomas Brewer had been acting as such Chairman, claiming to have been elected to such position at a meeting of such Board held on or about the 5th day of July, 1909. Various and sundry irregularities are alleged in connection with the election of Thomas Brewer as such Chairman, but, in view of the contention made here and of the conclusion which we have reached, we need not set them out or discuss them. A rule was issued against Thomas Brewer, the plaintiff in error here, by whom a demurrer was filed, and also an answer. At the same time was filed an agreed statement of facts, consisting of extracts from the proceedings of different meetings of such Board of County Commissioners. The cause coming on to be heard, the demurrer was overruled and a final judgment of ouster rendered against the plaintiff in error as such Chairman. This judgment is brought here for review.

We assume, but without deciding, since it has been so treated by the respective parties and the court below that the position of Chairman of a Board of County Commissioners is an office the title to which can be inquired into and determined by *quo warranto* proceedings. It is admitted by the respective parties that a construction of Section 769 of the General Statutes of Florida will decide all the questions presented on this writ of error. Only the first paragraph of such section is involved, the same reading as follows:

"769. (578.) Powers and duties.—The Board of county commissioners of each county shall have power, at any

legal meeting, to elect one of their number chairman, and to make such orders concerning the care of and the improvement of the corporate property of the county as may be deemed expedient, and also:" Then follow other powers delegated to such Boards.

The problem would seem to be of easy solution. The statute does not provide or prescribe that the chairman shall be elected for any specified time. This being true, it would seem to follow that a Board of County Commissioners could elect a Chairman at *any* regular meeting. In other words, however questionable as a matter of policy such course might be, the members of such a Board would seem to have the legal right to elect a Chairman to preside over their meetings as often as they saw fit so to do, provided such election is held at a legal meeting. It being made to appear from the agreed statement of facts that the plaintiff in error was elected chairman of such Board at a legal meeting thereof, it necessarily follows from what has been said that the judgment must be reversed, and it is so ordered with directions to discharge the rule. The costs are to be taxed against Medford R. Kellum, the Attorney General in granting permission to institute the proceedings in the name of the State having expressly stipulated that the State should not be liable for any costs in any event.

WHITFIELD, C. J. and COCKRELL, J. concur.

TAYLOR, HOCKER and PARKHILL, J. J. concur in the opinion.